IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

    Petitioner,

vs.

YOLO COUNTY CHIEF PROBATION OFFICER, et al.,

    Respondents.

No. CIV S-06-0931 FCD GGH P

ORDER &

FINDINGS AND RECOMMENDATIONS

/

    Petitioner pro se, at the time of filing this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was released from Yolo County Jail subject to certain conditions of probation. It appears that he is now in custody at the Yolo County Detention Center for having violated a condition of probation multiple times, the condition that he challenges by this petition. He has filed an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Petitioner appears to be challenging a condition of probation arising from two different cases. He was convicted of interference with a lawful business (Cal. Penal Code §

1

602.1(a); two counts of interference with the operations of a campus (Cal. Penal Code § 626.6); battery of an officer (Cal. Penal Code § 243(b)); and resisting arrest (Cal. Penal Code § 148(a)(1)). Petition, p. 1. Petitioner was sentenced to county jail for a certain amount of days as to each of his cases and also, apparently, put on three years' probation as to each case. Id. Because petitioner appears to be improperly seeking to challenge the probation conditions of two different convictions, it is unclear how many days were served as to each conviction and as to how long he has (or had) been released on probation.

AEDPA

The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this petition for habeas corpus which was filed after the AEDPA became effective. Neelley v. Nagle, 138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997). The AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue.

Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 123 S. Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

\\\\\

DISCUSSION

Petitioner contends that he has been subjected to an unconstitutional and "unreasonable" condition of probation because he has been "banished" from the entire main campus of the University of California (UCD) as a condition of probation. Petition, p. 7. Petitioner freely admits that he acceded to the probation conditions, but contends that he is not thereafter precluded from attacking an "unjust condition." Petition, pp. 6-7. Petitioner avers that he is unemployed and there are internet job-search tools available to him on the campus public access computers, to which he has little access elsewhere. Petition, p. 7. Because petitioner has been harassed by Davis police and UCD police, he needs access to the UCD King Hall Law Library. Id. Petitioner is a UCD alumnus and enjoys "shooting hoops on campus." Id.

Petitioner contends that his "banishment" from the UCD campus is a violation of his constitutional right to freedom of speech, freedom of association and of assembly, and his right to travel. Petition, pp. 8-12. He seeks to have this condition of his probation stricken.

Petitioner has been convicted, inter alia, of a violation of Cal. Penal Code § 626.6.[1] Although petitioner does not challenge his conviction, it is instructive to review case law

---

[1] Cal. Penal Code § 626.6 (a) If a person who is not a student, officer or employee of a college or university and who is not required by his or her employment to be on the campus or any other facility owned, operated, or controlled by the governing board of that college or university, enters a campus or facility, and it reasonably appears to the chief administrative officer of the campus or facility, or to an officer or employee designated by the chief administrative officer to maintain order on the campus or facility, that the person is committing any act likely to interfere with the peaceful conduct of the activities of the campus or facility, or has entered the campus or facility for the purpose of committing any such act, the chief administrative officer or his or her designee may direct the person to leave the campus or facility. If that person fails to do so or if the person willfully and knowingly reenters upon the campus or facility within seven days after being directed to leave, he or she is guilty of a misdemeanor and shall be punished as follows:
(1) Upon a first conviction, by a fine of not more than five hundred dollars ($500), by imprisonment in the county jail for a period of not more than six months, or by both that fine and imprisonment.
(2) If the defendant has been previously convicted once of a violation of any offense defined in this chapter or Section 415.5, by imprisonment in the county jail for a period of not less than 10 days or more than six months, or by both that imprisonment and a fine of not more than five hundred dollars ($500), and shall not be released on probation, parole, or any other basis until he or she has served not less than 10 days.
(3) If the defendant has been previously convicted two or more times of a violation of any offense defined in this chapter or Section 415.5, by imprisonment in the county jail for a period of not less

regarding a unversity's right to control its premises because that law is so related to the alleged, defective probative condition. "[U]niversity authorities have an inherent general power to maintain order on campus and to exclude those detrimental to its well being." Buttny v. Smiley, 281 F. Supp. 280, 285 (D.C. Colo. 1968) (suspension from university for student hazing not a violation of First Amendment right of freedom of speech or right to assemble or of Fourteenth Amendment rights), citing Goldberg v. Regents of the University of Cal., 248 Cal.App.2d 867, 57 Cal. Rptr. 463, 472 (1967). Students engaged in prohibited conduct if suspended from college are not thereby deprived of their constitutional rights. Esteban v. Central Missouri State College, 290 F. Supp. 622 (Mo. D.C. 1968). "Because a university's mission is education, the Supreme Court has consistently upheld a university's authority to impose reasonable regulations compatible with that mission upon the use of its campus and facilities." Justice for All v. Faulkner, 2004 WL 3957872 * 4 (W.D. Tex. 2004), citing, inter alia, Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 507, 89 S. Ct. 733, 737 (1969) ("[T]he Court has repeatedly emphasized the need for affirming the comprehensive authority of States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools.")

"Under California law, a probation condition is invalid if it (1) has no relationship to the crime of which defendant was convicted; (2) related to conduct which in itself is not criminal; and (3) requires or forbids conduct not reasonably related to future criminality." U.S. v. Knights, 534 U.S. 112, 120 n. 5, 122 S. Ct. 587 (2001). The Supreme Court endorsed the California scheme:

---

than 90 days or more than six months, or by both that imprisonment and a fine of not more than five hundred dollars ($500), and shall not be released on probation, parole, or any other basis until he or she has served not less than 90 days.
(b) The provisions of this section shall not be utilized to impinge upon the lawful exercise of constitutionally protected rights of freedom of speech or assembly.
(c) When a person is directed to leave pursuant to subdivision (a), the person directing him or her to leave shall inform the person that if he or she reenters the campus or facility within seven days he or she will be guilty of a crime."

> Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.
>
> ***
>
> The judge who sentenced Knights to probation determined that it was necessary to condition the probation on Knights' acceptance of the search provision. It was reasonable to conclude that the search condition would further the two primary goals of probation--rehabilitation and protecting society from future criminal violations.

U.S. v. Knights, 534 U.S. at 119, 122 S. Ct. 591.

It is obvious that the statutory scheme violated by petitioner in this case, which resulted in his underlying, unchallenged conviction, required some type of probation condition designed to stop the very conduct for which petitioner was convicted. The state court required petitioner to stay away from the place of his criminal activity. This common sense condition was more than necessary to thwart potential future misconduct at the same place, and cannot reasonably be argued to trench *unnecessarily* on petitioner's right to travel (fundamental right under the Fourteenth Amendment or perhaps other textual sources within the Constitution) or speech/associate (First Amendment).

The Ninth Circuit has found that requiring an individual on supervised release to submit to polygraph testing as a condition of that release is not unconstitutional. U.S. v. Belman, 2006 WL 2639374 *1 (9th Cir. (Cal.) Sept. 14, 2006), citing United States v. Weber, 451 F.3d 552, 568 n. 17 (9th Cir. 2006). This circuit has also found that requiring a person on supervised release to take part in outpatient abuse treatment and submit to drug and alcohol testing as directed by the probation officer is permitted. U.S. v. Maciel-Vasquez, 458 F.3d 994 (2006). Nor has the Ninth Circuit found it to be an unconstitutional condition of supervised release to require a defendant to submit to DNA testing. U.S. v. Kinkade, 379 F.3d 813 (9th Cir. 2004). The Eleventh Circuit has found that it is not an unconstitutional delegation of judicial power to a probation officer for the officer to be authorized to direct a defendant to notify third parties of risks occasioned by his criminal record, personal history, characteristics; for the officer to make

such notifications himself; and for the officer to confirm the defendant's compliance with the notification requirement. U.S. v. Murphy, 2006 WL 1933365 (11th Cir.(Fla.) July 12, 2006). All of these conditions of probation are arguably of a higher order of encroachment on an individual's constitutional rights than is that challenged by this petitioner, who in any event has conceded that he agreed to the condition he challenges herein.

Petitioner, no longer a student when he was convicted of committing an act or acts "likely to interfere with the peaceful conduct of the activities of the campus....", and therefore lacking even the status of being a current student entitled to use of the facilities of the university, does not meet his burden of demonstrating the objectively unreasonable nature of the state court decision upholding the condition of probation at issue in light of controlling Supreme Court authority. Woodford v. Viscotti, supra, 537 U.S. 19, 123 S. Ct. 357. The state court decision is, thus, not an unreasonable application of clearly established Supreme Court authority. Moreover, as noted, petitioner has improperly challenged two separate convictions in this application.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

\\\\\
\\\\\
\\\\\
\\\\\

1  within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>
2  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 10/17/06                        /s/ Gregory G. Hollows
4                                         _____
                                           UNITED STATES MAGISTRATE JUDGE
5
   GGH:009
6  sher0931.ofr